UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
An Individual Known to the Defendant as            )
08~mist096.jpg and 08~mist067.jpg                  )
                                            Plaintiff,    )    **COMPLAINT**
                                                          )
v.                                                 )
                                                          )    Demand for Jury Trial
Jon David Falso,                                   )
                                            Defendant.    )
------------------------------------------------------------------------------- X

The Plaintiff, through her attorney James R. Marsh of The Marsh Law Firm PLLC, alleges for her complaint as follows:

**INTRODUCTION**

1. This is a suit for damages arising out of the Defendant's criminal violations of federal child pornography statutes including 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256.

2. The Plaintiff is suing under 18 U.S.C. §§ 2252A(f) and 2255(a).

3. When the Plaintiff was 8 and 9 years old she was forced to perform sex acts primarily for the purpose of producing child pornography.

4. Defendant plead guilty to 222 counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256.

5. Two of the Plaintiff's child pornography images, 08~mist096.jpg and 08~mist067.jpg, were among the 222 images to which the Defendant pled guilty.

6. 18 U.S.C. § 2255(a) allows victims of child pornography to recover damages and the cost of the suit, including a reasonable attorney's fee, from individuals who receive their images.

1

7. 18 U.S.C. § 2255(a) provides for a minimum $150,000 in damages for any victim who is personally injured by a violation of federal child pornography statutes.

8. 18 U.S.C. § 2252A(f) allows any person aggrieved by a violation of the statute to sue for compensatory and punitive damages, and the costs of the civil action, and reasonable fees for attorneys and expert witnesses.

## THE PARTIES, JURISDICTION AND VENUE

9. The Plaintiff repeats and realleges Paragraphs 1 through 8 above.

10. Federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 2255.

11. The Plaintiff was born in 1989 and currently resides in Pennsylvania.

12. The Defendant's last known address is 20 Peaceful Drive, Cortland, New York.

13. On June 2, 2006, the Honorable Thomas J. McAvoy imposed a criminal judgment on the Defendant in case number DNYN305CR000270-001, sentencing him to 30 years and committing him to the custody of the United States Bureau of Prisons.

14. The Defendant is currently incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania.

15. Venue is proper in this case under 28 U.S.C. § 1391(b).

## FACTUAL HISTORY

16. The Plaintiff repeats and realleges Paragraphs 1 through 15 above.

17. On June 8, 2005, the Defendant was arrested in Cortland, New York for violating federal child pornography statutes.

18. Among the images the Defendant possessed at the time of his arrest were two child pornography images of the Plaintiff imprinted with the following:

    http://206.14.142.214/temp/docs/ps/cl/xtcjiywz/08mist/08~mist096.jpg
    http://www.solas911.com/mmm/port/mist/08~mist067.jpg

2

19. On June 16, 2005, the Defendant was indicted in the Northern District of New York for 222 counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256.

20. The Plaintiff's child pornography images, 08~mist096.jpg and 08~mist067.jpg, were included in the indictment.

21. On February 1, 2006, the Defendant plead guilty to 222 counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256.

22. The Plaintiff's child pornography images, 08~mist096.jpg and 08~mist067.jpg, were among the images to which the Defendant plead guilty.

23. The Plaintiff is currently unemployed and dropped out of college after discovering that she is a victim of child pornography. She has difficulty leaving home and extreme anxiety and fear concerning her child pornography images which are widely distributed on the internet.

### THE PLAINTIFF'S RIGHT TO PROCEED UNDER A PSEUDONYM

24. The Plaintiff repeats and realleges Paragraphs 1 through 23 above.

25. The Plaintiff is proceeding using a pseudonym in accordance with the Second Circuit's recent decision in *Sealed Plaintiff v. Sealed Defendant #1,* 2008 WL 3294864 (08-12-08) (No. 06-1590-CV).

26. In order to provide the Defendant with adequate notice and avoid undue prejudice, the Plaintiff is using as a pseudonym the file names of the Plaintiff's child pornography images the Defendant plead guilty of receiving.

27.    In accordance with *Sealed Plaintiff,* the Plaintiff is proceeding under a pseudonym because her need for anonymity outweighs any prejudice to the Defendant or the public interest in knowing her identity.

28.    There is no prejudice to the Defendant if the Plaintiff proceeds under a pseudonym because she has sufficiently identified herself to the Defendant.

### THE PLAINTIFF'S FIRST CAUSE OF ACTION UNDER 18 U.S.C. § 2255(a) FOR VIOLATING 18 U.S.C. § 2252A(a)(2)(A) AND (B)

29.    The Plaintiff repeats and realleges Paragraphs 1 through 28 above.

30.    On February 1, 2006, the Defendant pled guilty to knowingly receiving the Plaintiff's child pornography images, 08~mist096.jpg and 08~mist067.jpg., in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B).

31.    The Plaintiff suffered and continues to suffer personal injury as a result of the Defendant's admitted violations of the federal criminal child pornography statutes and is entitled, including without limitation, to damages of no less than $150,000 in value, the cost of the suit including a reasonable attorney's fee, plus prejudgment and postjudgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

### THE PLAINTIFF'S SECOND CAUSE OF ACTION UNDER 18 U.S.C. § 2252A( f ) FOR VIOLATING 18 U.S.C. § 2252A(a)(2)(A) AND (B)

32.    The Plaintiff repeats and realleges Paragraphs 1 through 31 above.

33.    On February 1, 2006, the Defendant pled guilty to knowingly receiving the Plaintiff's child pornography images, 08~mist096.jpg and 08~mist067.jpg., in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B), thereby triggering the civil remedies available under subsection (f).

34. The Plaintiff is a person aggrieved by reason of the conduct prohibited under 18 U.S.C. § 2252A(a)(2)(A) and (B).

35. The Plaintiff suffered and continues to suffer damages as a result of the Defendants' admitted violations of the federal criminal child pornography statutes and is entitled, including without limitation, to compensatory and punitive damages, the costs of this action and reasonable fees for attorneys and expert witnesses, plus prejudgment and postjudgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1. Statutory damages of no less than $150,000 in value;

2. Compensatory and punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct;

3. Prejudgment and postjudgment interest;

4. The costs of this action and reasonable fees for attorneys and expert witnesses;

5. Any type of relief within the Court's jurisdiction appropriate to the proof, whether or not demanded;

6. Such other and further relief as the Court deems just and proper.

Dated this 25[h] day of August 2008
White Plains, New York

        **s/James R. Marsh**
James R. Marsh Bar Number: 514012
Attorney for the Plaintiff

THE MARSH LAW FIRM PLLC
PO Box 4668 #65135
New York, New York 10163-4668
Telephone: (212) 372-3030
Fax: (914) 206-3998
Email: JamesMarsh@MarshLaw.net

5