UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
AN INDIVIDUAL KNOWN TO THE
DEFENDANT AS 08mist096.jpg
AND 08mist067.jpg,

                              Plaintiff,

            v.                                  5:08-cv-917

JON DAVID FALSO,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action pursuant to 18 U.S.C. §§ 2252A(f) and 2255(a) arising out of Defendant's conviction for violating 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256. Presently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground that § 2255A is unconstitutional because it violates the Double Jeopardy Clause and his right to due process of law.[1]

**I.    FACTS**

On June 8, 2005, Defendant was arrested for violating federal child pornography statutes. Among the images in Defendant's possession at the time of his arrest were two images of Plaintiff. On June 16, 2005, Defendant was indicted for 222 counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2256.

---

[1] In accordance with Fed. R. Civ. P. 5.1(a), Defendant served a notice of constitutional question on the Attorney General of the United States. The Attorney General has not sought to intervene in this case.

The pictures of Plaintiff were included in the charges.  In February 2006, Defendant pleaded guilty to all counts in the Indictment.  Defendant was sentenced to 30 years' imprisonment.  Defendant also entered into an *in rem* Stipulated Preliminary Order of Forfeiture whereby he was to surrender real property (or the cash equivalent of $62,000) and certain personal property involved in the viewing of the pornography.

In August 2008, Plaintiff commenced the instant action pursuant to 18 U.S.C. § 2252A(f) and 18 U.S.C. § 2255(a).  Presently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the claims pursuant to 18 U.S.C. § 2255(a) on the ground that the statute violates the Double Jeopardy Clause, the Seventh Amendment, and due process of law.  Plaintiff opposes the motion.

## II. DISCUSSION

Section 2255(a) provides as follows:

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee.  Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Defendant contends that the minimum statutory damages in the amount of $150,000 that may be imposed after his criminal conviction and *in rem* forfeiture constitutes a violation of the Double Jeopardy Clause.  Defendant argues that this additional amount of damages is punitive in nature and that Plaintiff retains an alternative adequate remedy to recover actual damages pursuant to 18 U.S.C. § 2252A(f).  Plaintiff further maintains that the minimum

mandatory damages of $150,000 violates the Seventh Amendment right to a jury trial and to due process of law.

### a. Double Jeopardy

The first issue is whether the statute permitting an award of damages (18 U.S.C. § 2255(a)) violates the Double Jeopardy clause. The Supreme Court has explained that:

> The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "'in common parlance,'" be described as punishment. United States ex rel. Marcus v. Hess, 317 U.S. 537, 549, 63 S. Ct. 379, 387, 87 L.Ed. 443 (1943) (quoting Moore v. Illinois, 14 How. 13, 19, 14 L.Ed. 306 (1852)). The Clause protects only against the imposition of multiple criminal punishments for the same offense, Helvering v. Mitchell, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L.Ed. 917 (1938); see also Hess, supra, at 548-549, 63 S.Ct., at 386-387 ("Only" "criminal punishment" "subject[s] the defendant to 'jeopardy' within the constitutional meaning"); Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution"), and then only when such occurs in successive proceedings, see Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

Hudson v. United States, 522 U.S. 93, 98-99 (1997).

Determining whether a statute is criminal or civil is a matter of statutory construction. Id. Thus, a Court must first look to the statutory intent, which analysis may be supplemented by review of the following factors:

> (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter "; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

Id. (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)).  "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."  Hudson, 118 S. Ct. at 493.

Here, looking to the plain language of § 2255(a), it is clear that the statutory intent was to provide a civil remedy.  This is exemplified by the title of § 2255(a) ("Civil remedy for personal injuries") and the fact that the statute aims to provide compensation to individuals who suffered personal injury as a result of criminal conduct against them.  See Hudson, 118 S. Ct. at 495.

Looking at the factors set forth above, the statute does not violate the Double Jeopardy Clause.  First, a monetary damages award does not involve an affirmative disability or restraint. Id at 496.  Second, "monetary penalties [have not] . . . historically been viewed as punishment."  Id. at 495.  Third, the damages do not come into play only upon a finding of *scienter*.  The damages are payable to any person who suffers personal injury as a result of a violation of the listed criminal statutes.  While the underlying criminal conduct (violation of 18 U.S.C. § 2252A) has a *scienter* requirement, the award of damages under § 2255 does not have a state of mind requirement.  Fourth, while the payment of money could theoretically be seen as a form of retribution and deterrence, the primary aim is not retribution and deterrence, but the compensation for personal injuries sustained as a result of the criminal conduct. That the payment of damages might have some deterrent effect is insufficient to categorize the statute as criminal.  The statute serves civil goals.  Id. at 496.  Fifth, the behavior to which § 2255(a) applies already is a crime.  "This fact is insufficient to render the money [damages] . . . criminally punitive."  Id. at 496.  Sixth, there is an alternative purpose to which § 2255(a) is rationally connected; namely, ensuring proper compensation of

victims of child pornography.  Seventh, in light of the serious harms that minors sustain by persons involved in the distribution of child pornography, it cannot be said that the minimum damages amount of $150,000 is excessive in relation to the alternative purpose assigned.

Moreover, the Supreme Court has stated that "nothing . . . precludes a private party from filing a civil suit seeking damages for conduct that previously was the subject of criminal prosecution and punishment.  The protections of the Double Jeopardy Clause are not triggered by litigation between private parties. . . . [T]he only proscription . . . is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole."  United States v. Halper, 490 U.S. 435, 451 (1989), abrogated on other grounds, Hudson, 118 S. Ct. 488.  Here, while the government prosecuted Defendant (which resulted in a criminal penalty) and the enacted a statute authorizing the recovery of damages (with a mandatory minimum amount of damages), it has not brought the civil action.

For the foregoing reasons, the Court finds that § 2255(a) does not violate the Double Jeopardy Clause.

### b. Seventh Amendment

Defendant next contends that 2255(a) violates the Seventh Amendment.  The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const., Amdt. 7.  The Seventh Amendment applies to common law causes of action and "'actions brought to enforce statutory rights that are analogous to common-law causes of actions . . . as opposed to those customarily heard in courts of equity or admiralty.'"  Feltner v. Columbia

Pictures Television, Inc., 118 S. Ct. 1279, 1284 (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42, 109 S. Ct. 2782, 2790 (1989)). An action to recover damages for personal injury is an action at law to which the Seventh Amendment applies. Feltner, 118 S. Ct. at 1287. Accordingly, Defendant is entitled to a jury trial.

The remaining issue is whether the statutory minimum amount of damages impinges upon the Seventh Amendment. The Court finds that it does not. An analogous situation is presented in the copyright laws. Section 504(c) of the Copyright Act provides that, in lieu of actual damages, a plaintiff can recover statutory damages of not less than $750 or more than $30,000. 17 U.S.C. sec. 504(c). In addressing the Seventh Amendment's applicability to section 504(c), the Supreme Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." Feltner, 118 S. Ct. at 1288. The Supreme Court did not take issue with the range of damages provided by the statute. The Seventh Circuit also addressed the issue in BMG Music v. Gonzalez, 430 F.3d 888 (7th Cir. 2005). In that case, the Seventh Circuit held that a jury trial on the issue of damages is required only if the plaintiff requests more than the statutory minimum amount of damages. Id. at 892. A jury is required to determine the amount of damages to be awarded within the statutory range. Id.

Analogy also can be made to Title VII of the Civil Rights Act. In Hemmings v. Tidyman's Inc., 285 F.3d 1174 (9th Cir. 2002), the Ninth Circuit held that the statutory limitation on damages found at 42 U.S.C. § 1981a(b)(3) does not offend the Seventh Amendment. See also Pollard v. E.I. DuPont de Nemours Co., 213 F.3d 933, 946 (6th Cir. 2000), rev'd on other grounds by Pollard, 532 U.S. 843, 121 S. Ct. 1946 (2001); Davis v.

Omitowoju, 883 F.2d 1155 (3d Cir. 1989); Boyd v. Bulala, 877 F.2d 1191 (4th Cir. 1989). As the Ninth Circuit stated, "what Congress can create, Congress can define." Hemmings, 285 F.3d at 1202. This Court agrees that the same result applies here. Accordingly, the Court finds that the fact that the statute provides a minimum amount of damages does not impinge upon the Seventh Amendment. Defendant is entitled to have a jury determine whether damages are available under the statute and, if so, any amount above the statutory minimum amount.

### III.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   December 9, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge